## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRIAN FARNETH, on behalf of himself and all others similarly situated, | : | No.: _____ |
| Plaintiff, | : | |
| v. | : | Electronically Filed |
| WAL-MART STORES, INC., t/d/b/a Wal-Mart, | : | |
| Defendant. | : | |

### NOTICE OF REMOVAL

Defendant Wal-Mart Stores, Inc. t/d/b/a Wal-Mart ("Wal-Mart"), by its undersigned counsel, hereby removes the above-captioned action from the Court of Common Pleas of Allegheny County in which it is now pending to the United States District Court for the Western District of Pennsylvania.

Removal is based on 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453.

As grounds for removal, Wal-Mart states as follows:

### BACKGROUND

1.     This putative class action was commenced by a Complaint filed on June 18, 2013, in the Court of Common Pleas of Allegheny County and docket at No. GD-13-11472.  A true and correct copy of the Complaint and its exhibits is attached hereto as Exhibit A.

2.     Plaintiff Brian Farneth served the Complaint by certified mail, and service upon Wal-Mart was completed on June 21, 2013.  This Notice of Removal is being timely filed with the United States District Court for the Western District of Pennsylvania in compliance with the requirements of 28 U.S.C. § 1446(b)(1) and Rule 6(a)(1)(C) of the Federal Rules of Civil

Procedure.

3.      Mr. Farneth is a citizen of the Commonwealth of Pennsylvania and resides at 143 Peridot Drive, Verona, Pennsylvania.  Complaint ¶ 1.  Therefore, Mr. Farneth is deemed a citizen of Pennsylvania for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4.      Defendant Wal-Mart is a Delaware corporation with its principal executive offices located at 702 S.W. 8th Street, Bentonville, Arkansas.  Therefore, Wal-Mart is deemed a citizen of Delaware and Arkansas for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## THE ALLEGATIONS OF THE COMPLAINT

5.      The Complaint alleges that Mr. Farneth purchased two cans of shaving gel at a Wal-Mart store located at 877 Freeport Road in Pittsburgh, Pennsylvania on June 8, 2013. Complaint ¶ 4.

6.      According to the Complaint, Mr. Farneth presented a "buy one, get one free" at the time of his purchase and was charged sales tax in the amount of $0.42 on the sale.  *Id.* ¶¶ 4, 7.

7.      The Complaint asserts that "Walmart's computation of sales tax did not take into account reduction of the sales price attributable to the coupon.  The $0.42 of sales tax was determined by multiplying .07 times the sales price of 2 cans of shaving gel of $5.94 (each can cost $2.97), even though Plaintiff Farneth only paid $2.97 for the 2 cans of shaving gel."  *Id.* ¶ 8.

8.      The Complaint further asserts that "Walmart was required, but failed, to deduct the amount of the coupon from the taxable portion of Plaintiff Farneth's purchase price."  *Id.* ¶ 13.

9.      The Complaint also provides that "Walmart benefits from these overcharges since it is entitled to a commission of 1% of taxes improperly charged by virtue of Section 7227 of the Pennsylvania Tax Code, 72 P.S. § 7227."  Complaint ¶ 15.

10.     Count I of the Complaint avers that Wal-Mart, as a result of the way in which it allegedly calculated state sales tax when a customer uses a coupon, "converted and/or misappropriated funds belonging to Plaintiff Farneth and other members of the Class[.]"  *Id.* ¶ 18.

11.     Count II of the Complaint alleges that Wal-Mart breached a constructive trust that was created when Wal-Mart collected state sales tax on purchases where the customer used a coupon because Wal-Mart "either improperly retained the constructive trust funds, in which case it has been unjustly enriched, or alternatively, improperly paid the trust funds to a third party (i.e., the Pennsylvania Department of Revenue) which was not entitled to receive those funds." *Id.* ¶ 25.

12.     Count III of the Complaint alleges that Wal-Mart was unjustly enriched "[t]o the extent that Walmart failed to remit improperly charged sales taxes, or otherwise benefited from the taxes to Class Members[.]"  *Id.* ¶ 28.

13.     Count IV of the Complaint alleges that Wal-Mart violated 73 P.S. § 201-2(4)(b) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") "[b]y representing the goods sold by Walmart have characteristics (i.e., that they are taxable) that they do not have" and 73 P.S. § 201-2(4)(xxi) of the UTPCPL "[b]y engaging in deceptive conduct which creates a likelihood of confusion and misunderstanding with respect to what constitutes proper charges to customers purchasing goods in Pennsylvania[.]"  Complaint ¶ 33.

14.     Finally, Count V of the Complaint seeks an injunction in which, *inter alia*, "Walmart should immediately and be forever and permanently enjoined from charging and collecting sales taxes in contravention of the mandates of Reg. Sec. 33.2(b)(2)."  Complaint ¶ 41.

## CLASS ALLEGATIONS

15.    The Complaint purports to be brought on behalf of a putative class consisting of "all individuals who:  (a) on or after June ___,[1] 2007, purchased any item(s) from a Walmart Store in Pennsylvania that was subject to payment of sales tax, (b) received any discount on that item or those items by virtue of a "buy one, get one free" discount or coupon, a store coupon, or a manufacturer's coupon, and (c) was charged or paid sales tax on the original purchase price of the item(s) without deducting the amount of the discount before calculating the sales tax due." *Id.* ¶ 44.

16.    The putative class is alleged to number in the "tens of thousands, and perhaps in the hundreds of thousands." *Id.* ¶ 47.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

17.    Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative class action commenced after the effective date of CAFA may be removed to the appropriate United States District Court if any member of the putative class is a citizen of a state different from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest or costs.  28 U.S.C. § 1332(d).

18.    CAFA applies to this action because the Complaint was filed after the effective date of the Act. *See* Notes to 28 U.S.C. §§ 1332 & 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act," *i.e.*, February 18, 2005), citing Pub. L. 109-2, § 9.

19.    The Complaint is a class action within the meaning of CAFA (28 U.S.C. § 1332(d)(2)) because Plaintiff seeks certification of a putative class under the Pennsylvania

---

[1]    The blank that follows the month of June appears to have been a placeholder that was not completed by Plaintiff prior to filing his Complaint.  Complaint ¶ 44.

Rules of Civil Procedure. *See* Complaint ¶¶ 44-52; 28 U.S.C. §§ 1332(d)(1)(B) & 1453(a).

20.     Citizenship of Parties.  The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7).  Wal-Mart is a citizen of Delaware and Arkansas for purposes of 28 U.S.C. § 1332.  By contrast, Plaintiff is a citizen of Pennsylvania who seeks to represent a class consisting of individuals who purchased items from a Wal-Mart store in Pennsylvania.  Complaint ¶¶ 1, 44.  Thus, Plaintiff Farneth is a citizen of a state different from Defendant Wal-Mart.

21.     Removal is proper under CAFA because there need only be "minimal" diversity.  In other words, if any class member is a citizen of a different state than any defendant, sufficient diversity exists for removal under CAFA.  28 U.S.C. § 1332(d)(2)(A).

22.     Number of Proposed Plaintiff Class Members.  The number of members of the proposed Plaintiff Class exceeds 100.  *See* Complaint ¶ 47 ("[I]t is believed and therefore averred that the Class numbers in the tens of thousands, and perhaps in the hundreds of thousands.").

23.     Amount in Controversy.  There is more than $5 million in controversy in this action.  Under 28 U.S.C. § 1332(d)(6), the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of the individual class members.  While Wal-Mart denies that Plaintiff or any putative class member is entitled to recover in any amount, and specifically denies that Plaintiff or any putative class member is entitled to relief in the various forms and amounts sought, the Complaint's allegations of the putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000, exclusive of interest and costs.

24.     The Complaint purports to be brought on behalf of a putative class consisting of "all individuals who:  (a) on or after June ___, 2007, purchased any item(s) from a Walmart

Store in Pennsylvania that was subject to payment of sales tax, (b) received any discount on that item or those items by virtue of a "buy one, get one free" discount or coupon, a store coupon, or a manufacturer's coupon, and (c) was charged or paid sales tax on the original purchase price of the item(s) without deducting the amount of the discount before calculating the sales tax due." *Id.* ¶ 44.

25.    Plaintiff alleges in the Complaint that Wal-Mart owns and operates at least 131 stores in the Commonwealth of Pennsylvania.  Complaint ¶ 2.

26.    In his Complaint, Plaintiff alleges his belief that the proposed Class numbers in the "tens of thousands, and perhaps in the hundreds of thousands."  Complaint ¶ 47.

27.    In the Complaint, Plaintiff seeks a number of different remedies on behalf of the proposed Class Members, including actual damages, punitive damages, treble damages, costs, interest, attorneys' fees and injunctive relief.  *See generally* Complaint.

28.    Plaintiff's actual damages theory is that Wal-Mart has overcharged the proposed Class Members by computing state sales tax on taxable items without taking into account the amount of coupons tendered with respect to those items.  *See, e.g.*, Complaint ¶¶ 13-14.  Plaintiff seeks recovery of these alleged overcharges in Counts I, II and IV of the Complaint.

29.    In the Complaint, Plaintiff alleges that the alleged overcharges are believed to be "significant" and "to exceed several million dollars."  Complaint ¶¶ 16, 18.

30.    Webster's Online Dictionary defines the word "several" to mean "of an indefinite number more than 2 or 3 but not many."  Webster's Online Dictionary, http://www.websters-online-dictionary.org/definition/several (last visited July 12, 2013).

31.    Black's Law Dictionary defines the word "several" to mean "more than one or two but not a lot."  Black's Law Dictionary 1378 (7th ed. 1999).

32.     Therefore, at a minimum, Plaintiff is alleging in the Complaint that the alleged overcharges are believed to exceed $3 million.  Complaint ¶ 18.

33.     In Count IV of the Complaint, Plaintiff alleges a claim under the UTPCPL and claims that "Defendant Walmart is liable to all Class Members for actual damages or $100 per violation, whichever is greater, trebled, plus costs, interest and attorneys fees."  Complaint ¶ 34.

34.     Treble damages are included in calculating the aggregate amount in controversy. *See Landsman & Funk PC v. Skinder-Strauss Assoc.*, 640 F.3d 72, 79 (3d Cir. 2011) (considering treble damages); *Kaneff v. Del. Title Loans, Inc.*, 587 F.3d 616, 620 (3d Cir. 2009) (same).

35.     While Wal-Mart denies that Plaintiff would be entitled to any attorney's fees, when evaluating whether the amount-in-controversy requirement is met, courts also consider any attorney's fees which Plaintiff may be awarded, and, for purposes of the analysis, assume that such fees may amount to thirty percent of the judgment Plaintiff may receive. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (assuming attorney's fee award of thirty percent of judgment in calculating amount in controversy for purposes of CAFA).

36.     The aggregate amount in controversy is met.  The Complaint alleges that the proposed Class Members' actual damages "exceed several million dollars", which is at a minimum $3 million. *See* Complaint ¶ 18; Webster's Online Dictionary, http://www.websters-online-dictionary.org/definition/several (last visited July 12, 2013) (defining "several" as "more than 2 or 3"); Black's Law Dictionary 1378 (7th ed. 1999) (defining "several" as "an indefinite number more than 2 or 3 but not many").

37.     When the $3 million in alleged actual damages is trebled pursuant to the UTPCPL claim in Count IV, then, on the face of the Complaint, there is at least $9 million being sought,

which far exceeds the amount in controversy requirement.

38.     Thus, on the face of the Complaint, the amount in controversy requirement is met, even without taking into account Plaintiff's claim for attorneys' fees, which would increase the amount being sought by another thirty percent. *See Frederico*, 507 F.3d at 199 (assuming attorney's fee award of thirty percent of judgment in calculating amount in controversy for purposes of CAFA).

## PROCEDURAL REQUIREMENTS

39.     Removal to Proper Court. This case was filed in Allegheny County, Pennsylvania, which is within this Court's "district and division" pursuant to 28 U.S.C. § 1446(a).

40.     Timely Removal. Plaintiff served the Complaint on Wal-Mart on June 21, 2013. This Notice of Removal is being timely filed with the United States District Court for the Western District of Pennsylvania in compliance with the requirements of 28 U.S.C. § 1446(b)(1) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

41.     Pleadings and Process. Attached hereto as Exhibit A is the Complaint. Attached hereto as Exhibit B is a copy of all other process, pleadings, and orders served upon Wal-Mart in the state court action. *See* 28 U.S.C. § 1446(a).

42.     Notice. Attached hereto as Exhibit C is a copy of the Notification of Filing of Notice of Removal, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the Court of Common Pleas, Allegheny County, Pennsylvania. *See* 28 U.S.C. § 1446(d).

43.     Signature. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

- 8 -

44.     Consent. Because there are no co-defendants, additional consent is unnecessary.

45.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to

28 U.S.C. § 1332(d), and the claims may be removed to this Court under 28 U.S.C. § 1453.

WHEREFORE, Defendant Wal-Mart Stores, Inc. requests that this action be removed

from the Court of Common Pleas of Allegheny County to the United States District Court for the

Western District of Pennsylvania.

Date:  July 22, 2013                            /s/ Thomas L. Allen
                                                Thomas L. Allen (PA I.D. 33243)
                                                    tallen@reedsmith.com
                                                James L. Rockney, Jr. (PA I.D. 200026)
                                                    jrockney@reedsmith.com
                                                Zachary P. Gelacek (PA I.D. 207161)
                                                    zgelacek@reedsmith.com
                                                REED SMITH LLP
                                                225 Fifth Avenue – Suite 1200
                                                Pittsburgh, PA  15222-2716
                                                Telephone: +1 412 288 3131
                                                Facsimile: +1 412 288 3063

                                                Counsel for Defendant Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing Defendant Wal-Mart Stores, Inc.'s Notice of Removal and all accompanying papers on July 22, 2013, by mailing same via First Class U.S. Mail, postage prepaid, upon the following counsel of record:

Frank G. Salpietro
Rothman Gordon, P.C.
310 Grant Street – Third Floor
Pittsburgh, PA 15219

REED SMITH LLP

By: */s/ Thomas L. Allen*
     Thomas L. Allen