**EXHIBIT A**

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

BRIAN FARNETH, on behalf of himself
and all others similarly situated,

Plaintiffs,

v.

WALMART STORES, INC., t/d/b/a
Walmart,

Defendant.

CIVIL ACTION—CLASS ACTION

No. G.D. 13 _ _1 1 4 7 2_

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED ON ALL
NON-EQUITABLE ISSUES**

Filed on behalf of:

Brian Farneth, on behalf of himself and all
others similarly situated

Counsel of Record for these Parties:

Frank G. Salpietro, Esquire
Pa I.D. #47154

Rothman Gordon, P.C.
Firm I.D. 010
310 Grant Street – Third Floor
Pittsburgh, PA 15219
(412) 338-1185 (telephone)
(412) 281-7304 (facsimile)
fgsalpietro@rothmangordon.com

2013 JUN 0 . PM 3: 51

OPS$TBARR01
06-18-2013  03:50:02
GD-13-011472

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

BRIAN FARNETH, on behalf of himself
and all others similarly situated,

          Plaintiffs,

    v.

WALMART STORES, INC., t/d/b/a
Walmart,

          Defendant.

CIVIL ACTION – CLASS ACTION

No. G.D. 13_____

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally, or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint, or for any other claim or relief requested by the Plaintiff(s). You may lose money, or property, or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
435 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412)-261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

BRIAN FARNETH, on behalf of himself          CIVIL ACTION – CLASS ACTION
and all others similarly situated,
                                             No. G.D. 13_____
            Plaintiff,

    v.

WALMART STORES, INC., t/d/b/a
Walmart,

            Defendant.

### CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Brian Farneth ("Farneth"), on behalf of himself and all others similarly situated, and by and through his undersigned counsel, and makes the following claims against Defendant Walmart Stores, Inc., t/d/b/a Walmart ("Walmart"):

1.    Plaintiff Farneth is a resident of the Commonwealth of Pennsylvania, residing at 143 Peridot Drive, Verona, Pennsylvania 15147.  He brings this action on behalf of himself and all others similarly situated, as more fully set forth under the heading "Class Action Allegations" below.

2.    Defendant Walmart is a multi-billion dollar Arkansas corporation with 8,500 retail department stores in 15 countries.  It owns and operates at least 131 stores in the Commonwealth of Pennsylvania, including stores in Allegheny County, where it regularly conducts business.

3.    While the precise number is not known, Plaintiff believes and therefore avers, subject to further discovery, that Walmart makes billions of dollars in sales in the

Commonwealth of Pennsylvania which involve discounts, rebates and store or manufacturer's coupons, which are reflected on the register tapes.

4.    On June 8, 2013, Plaintiff Farneth purchased 2 cans of shaving gel at the Walmart Store located at 877 Freeport Road, Pittsburgh, Pennsylvania 15238.  At the time of the purchase, he presented to the cashier a "buy one, get one free" coupon, a sample of which is attached hereto as Exhibit 1.  The cash receipt, attached hereto as Exhibit 2, documents the purchase of the items and the acceptance of the coupon.

5.    Plaintiff Farneth's receipt clearly sets forth both a description of the two cans of shaving gel purchased by him and the products' universal product code (hereinafter the "UPC") that was read electronically by Walmart's scanner, which also acts as a cash register.

6.    The coupon presented by Plaintiff Farneth was also read electronically by Walmart's scanner/cash register.  The receipt plainly sets forth as a separate line item the term "COUPON."  On the same line of the receipt, the receipt further sets forth (1) the item to which the coupon relates to by referring to the products' (the shaving creams') UPC, (2) the coupon's own UPC, and (3) the reduction to the purchase price of the 2 cans of shaving gel attributable to the coupon.

7.    Plaintiff Farneth was charged sales tax of $0.42 on the sale.

8.    Walmart's computation of the sales tax did not take into account reduction of the sales price attributable to the coupon.  The $0.42 of sales tax was determined by multiplying .07 times the sales price of 2 cans of shaving gel of $5.94 (each can cost $2.97), even though Plaintiff Farneth only paid $2.97 for the 2 cans of shaving gel.

9.      72 P.S. Section 7202 provides that sales tax is imposed upon each separate sale

of tangible personal property within the Commonwealth of Pennsylvania equal to 6%

(7% in Allegheny County) of the "purchase price", which shall be collected by the

vendor from the purchaser.

10.     The regulations promulgated by the Pennsylvania Department of Revenue

specifically exclude the amount of discounts attributable to coupons from the imposition

of sales tax if both the item purchased and the coupon itself are described on the cash

register tape.   In particular, Section 33.2(b)(2) of the Pennsylvania Department of

Revenue Tax Regulations provides, in its relevant part:

> Amounts which are excluded from the taxable portion or purchase
> price, if separately stated and identified, include:
>
> . . .
>
> (2) Discounts.  Amounts representing on-the-spot cash discounts,
> employee discounts, volume discounts, **store discounts such as
> "buy one, get one free,"** wholesaler's or trade discounts, **rebates
> and store or manufacturer's coupons** shall establish a new
> purchase price if both the item and the coupon are described on the
> invoice or cash register tape.

Pa. Reg. Sec. 33.2(b)(2)(emphasis added).

11.     In its Pennsylvania February/March 2005 Tax Update, which is publicly available,

the Pennsylvania Department of Revenue clarified questions that had been raised by

the regulations by stating the following:

> The regulations **require** a retailer to deduct the coupon amount
> from the taxable portion of the purchase price, if the cash register
> receipt describes both the item purchased and the coupon that
> applies to it.  The description requirement ensures that a coupon
> relating to a nontaxable item will not reduce the taxable purchase

price. It also protects the retailer by showing why the taxable price was reduced.

The Department interprets the requirement of a description to mean that the cash register receipt makes a clear reference to the item and the coupon related to it or a clear reference that there is an amount deducted on any purchase or a percentage discount on all items listed whether taxable or not.

12.     On Plaintiff Farneth's June 8, 2013 receipt, Walmart clearly and unequivocally described both the items that Plaintiff Farneth purchased as well as the coupon that applied to his purchases. Walmart linked the items that Plaintiff Farneth purchased to the coupon that applied to the items he purchased by the UPC. In fact, Walmart even went beyond the requirements of the Department of Revenue's Regulations by providing on Plaintiff Farneth's receipt the UPC of the coupon itself.

13.     Walmart was required, but failed, to deduct the amount of the coupon from the taxable portion of Plaintiff Farneth's purchase price. It is believed and therefore averred that Walmart has acted in similar fashion with respect to store and manufacturer's coupons tendered by other Class Members.

14.     It is believed and therefore averred that Walmart overcharges, continues to overcharge, and has in the past overcharged sales tax to Pennsylvania residents attributable to sales in its Pennsylvania stores and Internet sales in violation of Pennsylvania Tax Law and Regulation.

15.     Further, it is believed and therefore averred that Walmart benefits from these overcharges since it is entitled to a commission of 1% of taxes improperly charged by virtue of Section 7227 of the Pennsylvania Tax Code, 72 P.S. § 7227.

16.    The extent of improper overcharges are believed and therefore averred to be significant, but the exact scope and amount of said overcharges are not yet known and subject to further discovery.

## COUNT I
### (Conversion and Misappropriation)

17.    Paragraphs 1 through 16 above are incorporated herein by reference as if fully set forth.

18.    By its improper conduct, Walmart has converted and/or misappropriated funds belonging to Plaintiff Farneth and the other members of Class in an amount not yet known but believed to exceed several million dollars.

19.    The conversion and misappropriation of these funds is illegal, unjustified, and intentional, insofar as it is believed and therefore averred that Defendant Walmart had actual knowledge of the sales tax exemption of the regulations, given that Walmart operates at least 131 stores in the Commonwealth of Pennsylvania.

20.    Alternatively, if the conversion and/or misappropriation was not deliberate, it is the result of gross neglect on the part of Walmart.

21.    This conversion and misappropriation of Class Members' funds substantially benefited and continues to benefit Walmart, while acting to the severe pecuniary disadvantage of Plaintiff Farneth and the consumer Class Members.

WHEREFORE, Plaintiff Brian Farneth, on behalf of himself and all others similarly situated, respectfully demands judgment in his favor and against Walmart in

excess of the arbitration limits of this Court (with a specific amount to be determined at a later date), plus interest, punitive damages, costs and attorneys fees.

**COUNT II**
**(Breach of Constructive Trust)**

22.     Paragraphs 1 through 21 are incorporated herein by reference as if fully set forth.

23.     Walmart received money from the Class Members to be applied to a particular purpose, i.e., the payment of sales taxes.

24.     The payments collected by Walmart from Class Members for this purpose created and continue to create a constructive trust, with Walmart serving as a trustee for purposes of ensuring the funds held in trust were/are paid to the proper payee.

25.     Walmart either improperly retained the constructive trust funds, in which case it has been unjustly enriched, or alternatively, improperly paid the trust funds to a third party (i.e., the Pennsylvania Department of Revenue) which was not entitled to receive those funds.

26.     Whether Walmart obtained the funds subject to the constructive trust from Class Members intentionally or through a mistaken belief or assumption that taxes were payable, sales taxes were not payable either in fact or in law, and the funds paid by Class Members are recoverable from Walmart, which breached its duties and obligations as trustee by failing to remit the funds to the proper payees (Class Members).

WHEREFORE, Plaintiff Brian Farneth, on behalf of himself and all others similarly situated, respectfully demands a judgment and decree against Defendant Walmart as follows:

a.      That the Court determine and decree that all funds paid by Class Members to Walmart under the guise of "sales tax" were and are the subject of a constructive trust in favor of the Class Members, with Walmart has trustee of the constructive trust;

b.      That the Court determine and decree that Defendant Walmart failed to pay the funds held in constructive trust to the proper payees, i.e., the Class Members;

c.      That the Court determine and decree that to the extent Defendant Walmart retained the funds held in constructive trust for the Class Members, that Walmart has breached its duties as trustees and/or has been unjustly enriched;

d.      That the Court determine and decree that to the extent Defendant Walmart paid the funds held in constructive trust to third parties not entitled to receive the funds (whether in fact or in law), then Defendant breached its duties and obligations as trustee of the constructive trust for Class Members;

e.      That the Court determine and decree that Defendant Walmart is liable to the Class Members for all amounts collected from Class Members under the guise of collecting a "sales tax" to the extent that no sales tax should have been imposed and was not payable, plus interest and costs;

f.      That the Court enter such other relief as it may deem proper under the circumstances.

## COUNT III
## (Unjust Enrichment)

27.     Paragraphs 1 through 26 above are incorporated herein by reference as if fully set forth.

28.     To the extent Walmart failed to remit improperly charged sales taxes, or otherwise benefited from the taxes to Class Members, it is unjustly enriched, to the deprivation of Class Members.

29.     Without limitation, Section 7227 of the Pennsylvania Tax Code provides that Walmart, at a minimum, benefits from the improper collection of sales taxes from Class Members by being able to "credit and apply against the tax payable" a commission of 1% of the amount of the tax improperly collected from Class Members.

30.     Thus, and again at a minimum, Walmart is unjustly enriched by being able to retain a percentage of the taxes collected improperly, to the detriment of Class Members.


WHEREFORE, Plaintiff Brian Farneth, on behalf of himself and all others similarly situated, demands judgment in his favor and against Walmart in excess of the arbitration limits of this Court (with a specific amount to be determined at a later date), plus interest, costs and attorneys fees.

## Count IV
## (Unfair Trade Practices)

31.    Paragraphs 1 through 30 above are incorporated herein by reference as if fully set forth.

32.    The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. ("UTPCPL"), has declared it illegal to engage in certain unfair or deceptive acts or practices in this Commonwealth.

33.    By virtue of Walmart's improper collection and use of the funds of Plaintiff Farneth and the Class, by virtue of its failure to properly disclose to consumers that Defendant was not permitted to collected sales taxes on amounts that are subject to rebates, store or manufacturer's coupons, and by virtue of its failure and refusal to program its cash register systems to exclude such taxes from being applied for purchases made in Pennsylvania, Defendant Walmart has engaged in activities which violate the UTPCPL in at least the following ways:

a.    By representing the goods sold by Walmart have characteristics (i.e., that they are taxable) that they do not have, in violation of 73 P.S. § 201-2(4)(b);

b.    By engaging in deceptive conduct which creates a likelihood of confusion and misunderstanding with respect to what constitutes proper charges to customers purchasing goods in Pennsylvania, in violation of 73 P.S. § 201-2(4)(xxi).

34.    Because of its violations of the UTPCPL, Defendant Walmart is liable to all Class Members for actual damages or $100 per violation, whichever is greater, trebled, plus costs, interest and attorneys fees.  71 P.S. §201-9.2.

WHEREFORE, the Plaintiff Brian Farneth, on behalf of himself and all others similarly situated, respectfully demands judgment in his favor and against Defendant Walmart, in an amount yet to be determined but exceeding the arbitration limits of this Court, trebled, plus costs, interest and attorneys fees.

### Count V
### (Injunction)

35.    Paragraphs 1 through 34 above are incorporated herein by reference as if fully set forth.

36.    The Class Members' right to be exempt from the imposition and collection of sales taxes as set forth herein is clear.

37.    The impropriety of Defendant Walmart's collection of such sales tax is likewise clear.

38.    Plaintiffs are reasonably likely to succeed on the merits of their claims.

39.    It is believed and therefore averred that Defendant Walmart, if it remits improperly charged sales taxes to the Pennsylvania Department of Revenue, does so on a monthly basis.

40.    Regardless of whether or not it remits the improperly-charged taxes to the Pennsylvania Department of Revenue, Defendant Walmart continues to automatically charge residents of this Commonwealth taxes in contravention of the laws of this Commonwealth.

41.    Defendant Walmart should immediately and be forever and permanently enjoined from charging and collecting sales taxes in contravention of the mandates of Reg. Sec. 33.2(b)(2).

42.     The Court should also issue a special and/or preliminary injunction prohibiting not only the continued collection, but the remittance of improperly-charged sales taxes.  Once funds are collected and remitted by Defendant Walmart and absent certification of this Class Action, it is not likely that the typical consumer will have sufficient knowledge or understanding of the process for obtaining a refund from either the Commonwealth or Walmart.  Thus, as a practical matter, the filing of individual claims is unlikely, which in turn makes it unlikely that the wrongs being committed by Walmart on an ongoing basis can be adequately compensated by money damages alone.

WHEREFORE, Plaintiff Brian Farneth, on behalf of himself and all others similarly situated, moves this Honorable Court to preliminarily, and then permanently, enjoin Defendant Walmart as follows:

a.     Enjoining Defendant from continuing to charge and/or collect sales taxes on the gross amount of the purchase, without taking into consideration the new purchase price established by virtue of a store or manufacturer's coupons tendered and accepted by Walmart, which makes certain taxes exempt by virtue of Section 33.2 of the Department of Revenue Tax Regulation;

b.     Enjoining Defendant from remitting funds currently in its possession, custody or control, to the extent those funds represent charged sales taxes which should not be charged as set forth above;

c.     Immediately requiring Defendant take and all actions necessary to modify its method of calculating charges relating to the sales so that residents of Pennsylvania are not charged sales tax in violation of Reg. Sec. 33.2(b)(2);

d.     Immediately requiring Defendant Walmart to amend all Sales, Use and Hotel Occupancy Tax Returns (Form PA-3) filed on or after June __, 2007, to correct the incorrect charge and collection of sales taxes in violation of the regulations; and

e.     To further immediately file all documents necessary to request a refund from the Department of Revenue so that Class Members can be reimbursed for Defendant's improper collection practices.

### Class Action Allegations

43.     Paragraphs 1 through 42 above are incorporated herein by reference as if fully set forth.

44.     The proposed Class consists of all individuals who:  (a) on or after June __, 2007, purchased any item(s) from a Walmart Store in Pennsylvania that was subject to payment of sales tax, (b) received any discount on that item or those items by virtue of a "buy one, get one free" discount or coupon, a store coupon, or a manufacturer's coupon, and (c) was charged or paid sales tax on the original purchase price of the item(s) without deducting the amount of the discount before calculating the sales tax due.

45.     The questions of law and fact relating to Walmart's conduct, and the inequity and impropriety of that conduct, as more fully set forth above, are questions which are common to and affect the entire Class.   These common questions

predominate over and are a necessary precedent to any questions affecting only individual Class Members.

46.    The claims of the named Class Representative are typical of the claims of the Class.

47.    While the exact number of Class Members is not yet known, subject to discovery, it is believed and therefore averred that the Class numbers in the tens of thousands, and perhaps in the hundreds of thousands. While the Class is numerous, it is believed that Defendant Walmart maintains extensive records relating to the amount of taxes charged in violation of Pennsylvania Tax Regulations as described in this Complaint.

48.    Individual actions by members of the Class would, as a practical matter, be dispositive of the interest of members who are not parties, and may substantially impede his or her ability to protect his or her interest.

49.    In view of the potential expenses of litigation, the separate claims of individual Class Members are insufficient to support the thousands of separate actions. A Class Action is the most expeditious and cost effective method of addressing Walmart's improper conduct in Pennsylvania.

50.    Walmart, as more fully set above, has acted and/or refused to act on grounds generally applicable to the Class by engaging in conduct which is contrary to Pennsylvania law, which constitutes unfair and/or deceptive conduct under Pennsylvania law, breaches a constructive trust, and unjustly enriches Walmart.

51.   It is believed and therefore averred that counsel for the Class Representative will diligently and adequately represent the interests of the Class.  Said counsel is a partner in a well-respected law firm consisting of 30 attorneys with sufficient support staff to manage an action of this size.  Counsel has litigated class actions in the past.

52.   The Class Representative, after reasonable inquiry, has determined that he has no conflict of interest in the maintenance of the class action, and has or can acquire adequate financial resources to ensure that the interests of the Class will not be harmed.

Respectfully submitted,

ROTHMAN GORDON, P.C.

By: _____
Frank G. Salpietro, Esquire
Rothman Gordon, P.C.
Firm I.D. 010
310 Grant Street – Third Floor
Pittsburgh, PA  15219
(412) 338-1185 (telephone)
Attorneys for Brian Farneth,
On behalf of herself and all
others similarly situated



P&G brandSAVER

**LIKE A KING**
WITH THESE GREAT PRODUCTS

SAVINGS OVER
**$16**

STYLE TOOLS TRUMP
POWER TOOLS

THE GIFT THAT KEEPS
ON GIVING

SMELL MANLIER

**EXHIBIT**

1

COMPLAINT

WE VALUE YOUR OPINION!

WE WANT TO KNOW ABOUT YOUR SHOPPING
EXPERIENCE TODAY AT WAL-MART.

Please complete a survey about
today's store visit at:

http://www.survey.walmart.com

You will need to enter the
following online:

ID #:   7FPVD51VTF1Z

IN RETURN FOR YOUR TIME YOU COULD
RECEIVE ONE OF FIVE $1000
WALMART SHOPPING CARDS

Must be 18 or older and a legal
resident of the US, DC, or PR to
enter. No purchase necessary to
enter or win. To enter without
purchase and for complete official
rules visit
www.entry.survey.walmart.com.
Sweepstakes period ends on the date
shown in the official rules. Survey
must be taken within TWO weeks
of today.

Esta encuesta también se encuentra
en espanol en la página del Internet

THANK YOU
----------------------------------------

# Walmart >¦<.
Save money. Live better.

( 412 ) 782 - 4444
MANAGER DEBORAH SABEENEY
877 FREEPORT RD
PITTSBURGH PA 15238
ST# 5339 OP# 00002131 TE# 04 TR# 08026
SHAVE GEL    004740000359      2.97 X
SHAVE GEL    004740000359      2.97 X
COUPON 47400 054740020000      2.97-0
                   SUBTOTAL     2.97
        TAX 1  7.000 %          0.42
                      TOTAL     3.39
                 DEBIT  TEND    3.39
         DEBIT CASH BACK       40.00
    TOTAL DEBIT PURCHASE       43.39
              CHANGE DUE       40.00

EFT DEBIT        PAY FROM PRIMARY
   3.39  PURCHASE
  40.00  CASH BACK
  43.39  TOTAL PURCHASE
ACCOUNT #                              S
REF # 316000585300
NETWORK ID. 0090 APPR CODE 428022
TERMINAL # 28004058

       06/08/13    20:56:58

# # ITEMS SOLD 2

TC# 3780 6418 6987 2322 0132

Ask a Pharmacy Sales Associate how you
can save money on pet medications!
       06/08/13    20:57:01

EXHIBIT
2
COMPLAINT

## VERIFICATION

I, Brian Farneth, verify that the statements contained in the foregoing Class Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: ___6 / 11 / 13___

_____
Brian Farneth

ND: 4835-8636-4436, v. 1 | 81000-185

14

# Supreme Court of Pennsylvania

## Court of Common Pleas
### Civil Cover Sheet

#1156H4 _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking
- ☐ Notice of Appeal

Lead Plaintiff's Name: Brian Farneth

Lead Defendant's Name: Walmart

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: Frank G. Salpietro

Are money damages requested? : ☒ Yes   ☐ No

Dollar Amount Requested: (Check one)   ____ within arbitration limits   X outside arbitration limits

Is this a *Class Action Suit*?   ☒ Yes   ☐ No

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☒ Other: Conversion; Unfair Trade

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____